UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALANO BLANCO,

    Petitioner,

v.                                          Case No. 3:21cv904-LC-HTC

M. V. JOSEPH WARDEN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Alano Blanco, a federal prisoner at the Federal Prison Camp in Pensacola ("Pensacola FPC"), initiated this matter by filing a *pro se* petition under 28 U.S.C. § 2241, seeking application of earned time credits under the First Step Act ("FSA"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon review, the undersigned respectfully recommends the petition be dismissed under Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") because the request for relief is premature. Notably, the provisions of the FSA relied upon by Petitioner do not go into effect until January 2022.

**I.     BACKGROUND**

On March 26, 2013, Petitioner was sentenced by the Eastern District of Virginia to a term of 235 months imprisonment, which was subsequently reduced to 188 months based on a retroactive amendment to the sentencing Guidelines. Order Denying § 2255 Motion, *United States v. Blanco*, 4:11cr89, ECF Doc. 1432 at 2 n.2 (E.D. Va. Dec. 2, 2016). According to the Bureau of Prisons Inmate Locator, his release date is August 17, 2025.[1]

Petitioner states in the petition that at Pensacola FPC he is "[n]ot receiving First Step Act credits for working due to lack of application of program for policy instructions." ECF Doc. 1 at 2. He adds that he filed a BP-8 Informal Request with his unit manager on March 31, 2021, but the "decision stated that FSA credits don't need to be given until January 2022, which is an incorrect evaluation according to the *Goodman* case [*Goodman v. Ortiz* . . . 2020 LEXIS 153874 (D. N.J. Aug. 25, 2020)]." He attached the BP-8 to the petition, and, in it, he argues that his earned time credits under the FSA entitle him to 585 days off his sentence as of March 2021. ECF Doc. 1 at 10.

He brings one ground for relief, arguing the following, "The FSA time credits should be given. The policy stance that BOP has until January 2022 to apply the credit is inaccurate according to the *Goodman* case." For relief, he asks, "I would

---

[1] Available at https://www.bop.gov/inmateloc/ (accessed August 18, 2021).

Case No. 3:21cv904-LC-HTC

like for my two years of earned time credits (ETC) to be applied to my good time credits (GTC) and that time to be reflected against my sentence."

## II.   LEGAL STANDARD

Under Habeas Rule 4, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

## III.   THE PETITION IS PREMATURE

Petitioner relies exclusively upon *Goodman v. Ortiz*, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), which, as an initial matter, is not binding on this Court and has been narrowly interpreted by the district courts in this Circuit which have considered it. *See, e.g.*, *Caron v. Garrett*, 2021 WL 2672049, at *2 (N.D. Ala. June 4, 2021), *report and recommendation adopted sub nom; Caron v. Garrett*, 2021 WL 2661963 (N.D. Ala. June 29, 2021) (distinguishing *Goodman* because respondent does not concede petitioner has successfully completed coursework that would qualify for earned time credit, thus the case presented an existing factual dispute); *Fleming v. Joseph*, No. 3:20CV5990-LC-HTC, 2021 WL 1669361, at *3 (N.D. Fla. Apr. 7, 2021) ("Petitioner's case is distinguishable from Goodman's because in

*Goodman*, the Respondent either agreed to or simply did not oppose the Goodman's calculation that he had earned 120 days of credit against his sentence under the FSA."), *report and recommendation adopted*, 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021); *Herring v. Joseph*, No. 4:20CV249-TKW-HTC, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020) (rejecting application of *Goodman*). Like those other cases, there is no indication Respondent has agreed to Petitioner's calculation of good time.

Regardless, courts in this circuit have dismissed similar petitions as premature because the FSA provisions at issue do not go into effect until January 15, 2022. On December 21, 2018, the FSA was signed into law. Among other things, the FSA provides that, "[n]ot later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." *See* 18 U.S.C.A. § 3632. The Attorney General met that deadline by publicly releasing a risk and needs assessment system on July 19, 2019. *See* First Step Act of 2018 Risk and Needs Assessment System (called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the "PATTERN").[2] The

---

[2] Available at https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf.

Case No. 3:21cv904-LC-HTC

FSA gave the BOP 180 days, or until January of 2020, to complete the risk and needs assessment for each prisoner, which appears to have occurred in this case. ECF Doc. 16-4 at ¶¶ 6-7.

The FSA also gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation. *See* 18 U.S.C. § 3261(h)(2)(A). That 2-year phase-in date has not expired and will not until January 2022. Petitioner's claim is therefore premature and not ripe. *See e.g. Llewlyn v. Johns*, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted*, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021) ("Because the First Step Act does not require actual implementation for each inmate until January 2022, Llewlyn is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe."); *Herring*, 2020 WL 3642706 at *1 (dismissing petition *sua sponte* for failure to exhaust and "because, as explained in the R&R, Petitioner has no current right to the relief requested in the petition since the Bureau of Prisons (BOP) has until January 2022 to implement the provisions of the First Step Act on which the petition is based"); *Caron*, 2021 WL 2672049, at *1 ("The First Step Act, signed into law December 21, 2018, includes a provision allowing federal prisoners to earn credit on their sentences for completing approved evidence-based recidivism reduction programs. The FSA provided for a two-year 'phase in' period, which runs through

January 15, 2022. Because the BOP has not completed the implementation phase, Caron's claims would be unripe even if she had exhausted her administrative remedies.") (internal citations omitted); *Llufino v. Johns*, 2020 WL 5248556, at *2 (S.D. Ga. August 13, 2020) ("Because the First Step Act does not require actual implementation for each inmate until January 2022, Llufino is not entitled to an order from this Court compelling the BOP to recalculate his time credits. His petition is premature, and his claim is not yet ripe.").

## IV. CONCLUSION

As set forth above, the petition should be dismissed because the relief requested by Petitioner is premature. A district court can dismiss an action on its own motion as long as the procedure employed is fair. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

Case No. 3:21cv904-LC-HTC

Thus, this Report and Recommendation constitutes fair notice to Petitioner that her suit is due to be dismissed. Petitioner will have the opportunity to present her objections to this finding, and the presiding district judge will review de novo properly submitted objections. *See* 28 U.S.C. § 636(b)(1). Therefore, a *sua sponte* dismissal is appropriate.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2241 be dismissed.

2. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 26th day of August, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.